**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONNELLY & ASSOCIATES, P.C.<br>200 Four Falls Center, #109<br>West Conshohocken, PA 19428<br><br>                        Plaintiff,<br><br>   v.<br><br>ASPEN SPECIALTY INSURANCE CO.,<br>175 Capital Boulevard, #103<br>Rocky Hill, CT 06067<br><br>                        Defendant. | Civil Action No.<br><br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Aspen Specialty Insurance Company ("Aspen"), by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania for removal of the above-captioned litigation from the Court of Common Pleas, Philadelphia County, Trial Division, Commerce Program, Case ID No. 200802729, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania.

## INTRODUCTION

1.     This action was brought against Aspen by Plaintiff Donnelly & Associates, P.C. ("Donnelly") for a claim in quantum meruit, as well as claims for breach of implied contract and breach of contract, in which Donnelly seeks payment from Aspen for allegedly providing legal services to Aspen's alleged insureds beginning in or about February of 2017 until approximately August of 2017. Donnelly is a citizen of Pennsylvania and Aspen is a citizen of North Dakota and New York. Because there is complete diversity and the amount in controversy exceeds the

sum or value of $75,000, this Court may exercise removal jurisdiction over the action pursuant to § 1441(a) and (b).[1]

## PARTIES

2.      Donnelly is a Pennsylvania corporation with a principal place of business at 200 Four Falls Center, Suite 109, West Conshohocken, Pennsylvania 19428.

3.      Aspen is a corporate entity organized under the laws of the State of North Dakota with its principal place of business at 590 Madison Avenue, 7th Floor, New York, New York.

## PROCEEDINGS TO DATE

4.      On or about September 1, 2020, Donnelly filed a Complaint styled Donnelly & Associates, P.C. v. Aspen Specialty Insurance Co., Case ID No. 200802729, in the Court of Common Pleas, Philadelphia County, Trial Division (the "Complaint"), attached hereto as **Exhibit A.**

## TIMELINESS

5.      On or about September 8, 2020, Aspen first received a copy of the Complaint. *See* Certification of Patrick J. Hughes, Esq., attached hereto as **Exhibit B**, ¶ 3.

6.      Aspen timely filed this Notice of Removal within thirty (30) days of its receipt of the Complaint as required by 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

---

[1] Donnelly's claims arise out of work related to the "HSS Programs," a shared risk insurance pool created and run by Hospitality Supportive Systems, LLC, Carman Corporation, Edward Snow, Selective Risk Management, LLC, Selective Law Group, Charles M. O'Donnell, and certain other individuals and entities. Aspen sued these actors for engaging in rampant fraud via the HSS Programs, causing damage to Aspen of over $40,000,000. That litigation is currently pending before this Honorable Court under docket number 16-cv-01133 before the Honorable Judge DuBois. Aspen intends to seek consolidation of the instant action with that pending action, at least for discovery purposes.

7.      For purposes of § 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

8.      Aspen is a corporate entity organized under the laws of the State of North Dakota with its principal place of business at 590 Madison Avenue, 7th Floor, New York, New York. *See* Ex. B ¶ 4. Thus, it is a citizen of North Dakota and New York for diversity purposes.

9.      Donnelly is a Pennsylvania corporation with a principal place of business at 200 Four Falls Center, Suite 109, West Conshohocken, Pennsylvania 19428. *See* Ex. A ¶ 1.  Thus, Plaintiff is a Pennsylvania citizen for diversity purposes.

10.     Accordingly, there is complete diversity amongst the parties in interest.

11.     Pursuant to § 1446(c), where removal is sought based on diversity jurisdiction, the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…." 28 U.S.C. § 1446(c)(2).

12.     Donnelly has demanded judgment in its favor against Aspen in the amount of $87,512, as well as legal fees and any other costs or expenses which the Court deems just and proper. *See* Ex. A at Counts I, II, and III.

13.     The damages sought in this action and, therefore, the amount in controversy, exceeds the amount in controversy requirement of $75,000 in accordance with 28 U.S.C. § 1332.

## **<u>VENUE</u>**

14.     Donnelly's action is pending in the Court of Common Pleas, Philadelphia County, Trial Division, which is within this judicial district. *See* 28 U.S.C. § 118(a).  This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) and 1446(a).

-3-

**NOTICE**

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Donnelly.  A copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas, Philadelphia County, Trial Division, in the form attached hereto as **Exhibit C**.

**CONCLUSION**

For the foregoing reasons, Aspen respectfully demands that this action, previously pending in the Court of Common Pleas, Philadelphia County, Trial Division, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Respectfully submitted,

**CONNELL FOLEY LLP**

Dated:  October 2, 2020          By:   /s/ *Patrick J. Hughes*

Patrick J. Hughes (I.D. No. 41403)
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
phughes@connellfoley.com
          and
William D. Deveau (*pro hac vice pending*)
185 Hudson Street, Suite 2510
Jersey City, NJ 07311
wdeveau@connellfoley.com

*Counsel for Defendant,*
*Aspen Specialty Insurance Company*

-4-

## CERTIFICATE OF SERVICE

I, Patrick J. Hughes, of full age, hereby certify that the within Notice of Removal and accompanying exhibits have been caused to be electronically filed with the Clerk, United States District Court for the Eastern District of Pennsylvania, pursuant to this District's ECF procedures, filed with the Prothonotary of the Court of Common Pleas, Philadelphia County, Trial Division by operation of the Court's electronic filing system, and that a copy has been caused to be served this date, via regular mail and the Court's electronic filing system, upon:

> Andrew Lapat, Esq.
> Law Office of Andrew Lapat, LLC
> 349 West Lancaster Avenue #201
> Haverford, PA 19041
> Attorney for Plaintiff

I certify that the foregoing statements are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  October 2, 2020                    By:    /s/ *Patrick J. Hughes*
_____

Patrick J. Hughes (I.D. No. 41403)
CONNELL FOLEY LLP
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
phughes@connellfoley.com
    and
William D. Deveau (*pro hac vice pending*)
CONNELL FOLEY LLP
185 Hudson Street, Suite 2510
Jersey City, NJ 07311
wdeveau@connellfoley.com

*Counsel for Defendant,*
*Aspen Specialty Insurance Company*

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **AUGUST 2020** 　 **002729** |
| E-Filing Number: 2009001335 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| DONNELLY & ASSOCIATES, P.C. | ASPEN SPECIALTY INSURANCE CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 200 FOUR FALLS CENTER #109<br>WEST CONSHOHOCKEN PA 19428 | 175 CAPITAL BLVD #103<br>ROCKY HILL CT 06067 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
|  |  |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 1 | ☒ Complaint　☐ Petition Action　☐ Notice of Appeal<br>☐ Writ of Summons　☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☒ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
| --- |
| 1C - CONTRACTS (GOODS), ENFORCE |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |
|  |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
| --- | --- | --- |
|  | **FILED**<br>**PRO PROTHY**<br><br>SEP **01** 2020<br><br>**A. SILIGRINI** | YES 　 NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>DONNELLY & ASSOCIATES, P.C.</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| ANDREW LAPAT | LAW OFFICES OF ANDREW LAPAT<br>349 LANCASTER AVE<br>STE 201<br>HAVERFORD PA 19041 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (610)649-3769 | (610)649-3477 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 55673 | aalapat@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| ANDREW LAPAT | Tuesday, September 01, 2020, 01:22 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

    1.    Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

**X**   2.    Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

           a.    Uniform Commercial Code transactions;

           b.    Purchases or sales of business or the assets of businesses;

     **X**     c.    Sales of goods or services by or to business enterprises;

           d.    Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

           e.    Surety bonds;

           f.    Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

           g.    Franchisor/franchisee relationships.

    3.    Actions relating to trade secret or non-compete agreements;

    4.    "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

    5.    Actions relating to intellectual property disputes;

    6.    Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

    7.    Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

    8.    Actions relating to corporate trust affairs;

    9.    Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

   10.    Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

Filed and Attested by the
Office of Judicial Records
SEP 2020 01:22 pm
A. SILIGRINI

Donnelly & Associates, P.C.
200 Four Falls Center, #109
West Conshohocken, PA 19428

Court of Common Pleas

Philadelphia County

     Plaintiff

v.

Aspen Specialty Insurance Co.,
175 Capital Blvd, #103
Rockey Hill, CT 06067

Civl Action No.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

Case ID: 200802729

LAW OFFICE OF ANDREW LAPAT, LLC
By:    Andrew Lapat, Esquire                          **Attorney for Plaintiff**
Identification No.: 55673
349 West Lancaster Avenue #201
Haverford, PA 19041
610-649-3769

---

DONNELLY & ASSOCIATES, P.C.        :        COURT OF COMMON PLEAS
200 Four Falls Center, #109        :
West Conshohocken, PA 19428        :
                                   :
                                   :        PHILADELPHIA COUNTY
        PLAINTIFF,                 :
                                   :        CIVIL ACTION NO.
        v.                         :
ASPEN SPECIALTY INSURANCE CO., :
175 Capital Boulevard, #103        :
Rocky Hill, CT 06067               :
                                   :
        DEFENDANT.                 :
                                   :

---

## COMPLAINT

### PARTIES

1.      Plaintiff, Donnelly & Associates, P.C. ("Donnelly"), is a Pennsylvania

professional corporation with a principle place of business at 200 Four Falls Center, Suite

109, West Conshohocken, PA 19428.

2.      Defendant, Aspen Specialty Insurance Co. ("Aspen"), is an insurance company

with offices in New York and Connecticut.  Aspen engages in systematic and continuous

business in the Commonwealth of Pennsylvania including providing insurance to

businesses in Philadelphia.

### FACTS

3.      In or about February, 2017 Donnelly commenced work for Aspen defending their

insureds.

Case ID: 200802729

4.      Some of the insureds for which Donnelly provided service were bars and restaurants located within the City of Philadelphia.

5.      Donnelly worked defending Aspen's insureds until approximately August, 2017.

6.      During the time Donnelly performed legal services defending Aspen's insureds, Aspen did not complain in any respect about the quality of the legal representation provided.

7.      During the time Donnelly performed legal services defending Aspen's insureds, Aspen never informed Donnelly that Aspen had no intention of paying for the legal services provided by Donnelly.

8.      Aspen allowed Donnelly to continue to provide legal services despite having no intention of paying Donnelly for their services.

9.      Aspen has refused to pay Donnelly anything for the legal services provided.

10.     Ultimately when Donnelley presented Aspen with a bill for payment on the twenty-seven different matters it worked on.

11.     Aspen has refused to pay in each of these matters.

12.     For each of the twenty-seven files, Aspen allowed Donnelley to continue to work on the matters in good faith with the expectation that Aspen would fulfill its obligations to pay for the legal service provided.

13.     The total cost of the legal services provided to Aspen by Donnelly was $87,512.

14.     In none of the matters did Aspen notify Donnelley that it did not want to pay for the service it was receiving and inform Donnelley to stop working on the files.

15.     Donnelley was permitted to continue to work on all of the files for Aspen until Aspen decided that it did not want to pay for the services received.

## COUNT I – Quantuum Meruit

16.    The preceding paragraphs 1- 15 are incorporated herein by reference as though more fully set forth at length.

17.    Aspen allowed Donnelley to continue to work on its files and did not notify Donnelley that it did not intend to pay for the service received.

18.    Aspen allowed Donnelly to perform legal services on twenty-seven different files.

19.    Aspen has received the benefit of the legal service provided by Donnelley and has refused to pay the value of the service it received.

20.    Donnelley has been damaged by providing legal services to Aspen which Aspen refuses to pay for.

WHEREFORE, Plaintiff demands judgment against Aspen in an amount of $87,512 as well as any other damages including but not limited to legal fees due to Defendant's outrageous conduct as well as any other costs or expenses which this Court deems just and proper.

## COUNT II – BREACH OF IMPLIED CONTRACT

21.    The preceding paragraphs 1- 20 are incorporated herein by reference as though more fully set forth at length.

22.    The conduct of Donnelly and Aspen indicated that they had a contract for Donnelly to perform legal services for Aspen.

23.    Aspen knowingly allowed Donnelly to perform the legal services on twenty-seven different files and did not advise Donnelly that Aspen would not pay for the services rendered.

24.    Aspen has refused to pay for the services rendered.

Case ID: 200802729

25.     Donnelly has been damaged by Aspen's refusal to pay for the legal services.

WHEREFORE, Plaintiff demands judgment against Aspen in an amount of $87,512 as well as any other damages including but not limited to legal fees due to Defendant's outrageous conduct as well as any other costs or expenses which this Court deems just and proper.

### COUNT III – BREACH OF CONTRACT

26.     The preceding paragraphs 1- 25 are incorporated herein by reference as though more fully set forth at length.

27.     Donnelly and Aspen entered into a valid contact in February, 2017.

28.     As stated herein, Aspen failed to pay Donnelly for the legal services provided under the contract.

29.     Aspen owes Donnelly legal fees incurred under the contract.  These legal fees total $87,512.

WHEREFORE, Plaintiff demands judgment against Aspen in an amount of $87,512 as well as any other damages including but not limited to legal fees due to Defendant's outrageous conduct as well as any other costs or expenses which this Court deems just and proper.

LAW OFFICES OF ANDREW LAPAT, LLC

Date: September 1, 2020          By: _____
                                      ANDREW LAPAT, #55673

## VERIFICATION

I, John Donnelly, hereby certify that the facts set forth in the foregoing **COMPLAINT** are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904.

_____
John Donnelly

Case ID: 200802729

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONNELLY & ASSOCIATES, P.C.<br>200 Four Falls Center, #109<br>West Conshohocken, PA 19428<br><br>Plaintiff,<br><br>v.<br><br>ASPEN SPECIALTY INSURANCE CO.,<br>175 Capital Boulevard, #103<br>Rocky Hill, CT 06067<br><br>Defendant. | Civil Action No.<br><br>**CERTIFICATION<br>OF<br>PATRICK J. HUGHES** |

I, Patrick J. Hughes, of full age, hereby certify and state as follows:

1.      I am a partner at the law firm of Connell Foley LLP admitted to practice before the Court, and am counsel for Defendant Aspen Specialty Insurance Company ("Aspen") in the above matter.  I submit this Certification in further support of Aspen's Notice of Removal.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the Court of Common Pleas, Philadelphia County, by Donnelly & Associates, P.C., styled Donnelly & Associates, P.C. v. Aspen Specialty Insurance Co., Case ID No. 200802729.

3.      On or about September 8, 2020, Aspen first received a copy of the Complaint via certified mail.

4.      Aspen is a corporate entity organized under the laws of the State of North Dakota with its principal place of business at 590 Madison Avenue, 7th Floor, New York, New York.

I certify that the foregoing statements are true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  October 2, 2020

/s/ *Patrick J. Hughes*

Patrick J. Hughes

# EXHIBIT C

**CONNELL FOLEY LLP**
BY: Patrick J. Hughes, Esquire
Identification No: 41403
457 Haddonfield Road – Suite 230
Cherry Hill, New Jersey 08002
phughes@connellfoley.com
(856) 317-7100

*Counsel for Defendant, Aspen Specialty Insurance Company*

| | |
|---|---|
| DONNELLY & ASSOCIATES, P.C.<br>200 Four Falls Center, #109<br>West Conshohocken, PA 19428<br><br>Plaintiff,<br><br>   v.<br><br>ASPEN SPECIALTY INSURANCE CO.,<br>175 Capital Boulevard, #103<br>Rocky Hill, CT 06067<br><br>Defendant. | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY, PA<br><br>No.200802729<br><br>COMMERCE PROGRAM |

## COPY OF NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

To:    The Prothonotary of the Court of Common Pleas of
       Philadelphia County

       Pursuant to 28 U.S.C. § 1446(d), Defendant Aspen Specialty Insurance Company

("Aspen"), files herewith a copy of the Notice of Removal filed in the United States District

Court for the Eastern District of Pennsylvania on October 2, 2020.

CONNELL FOLEY LLP

Dated:  October 2, 2020        By:    */s/ Patrick J. Hughes*
                                       Patrick J. Hughes (I.D. No. 41403)
                                       457 Haddonfield Road, Suite 230
                                       Cherry Hill, NJ 08002
                                        and
                                       William D. Deveau (*pro hac pending*)
                                       185 Hudson Street, Suite 2510
                                       Jersey City, NJ 07311
                                       *Counsel for Defendant,*
                                       *Aspen Specialty Insurance Company*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donnelly & Associates, P.C.

### DEFENDANTS
Aspen Specialty Insurance Co.

**(b)** County of Residence of First Listed Plaintiff   Montgomery, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New York, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew Lapat, Esq.
349 West Lancaster Avenue #201, Haverford, PA 19041
(610) 649-3769

Attorneys *(If Known)*
Patrick J. Hughes, Esq. - CONNELL FOLEY LLP
457 Haddonfield Road - Suite 230, Cherry Hill, NJ 08002
(856) 317-7100 / phughes@connellfoley.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☑ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☑ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☑ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
    Proceeding

☑ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation -
    Transfer

☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.§§ 1441 and 1446

Brief description of cause:
Alleged contract dispute

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $ 87,512.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE   Dubois

DOCKET NUMBER   2:16-cv-01133-JD

DATE   20 October 2020

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 200 Four Falls Center, #109 West Conshohoken, PA 19428 _____

Address of Defendant: _____ 590 Madison Avenue, 7th Floor, New York, NY _____

Place of Accident, Incident or Transaction: _____ Eastern Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ 2:16-cv-01133-JD _____   Judge: _____ Judge Dubois _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ✔   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ✔   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ✔

I certify that, to my knowledge, the within case ☒ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 10/02/2020 _____   _____ Must sign here _____   _____ 41403 _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____ Sign here if applicable _____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Donnelly & Associates, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Aspen Specialty Insurance Co. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                        (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                   (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                            (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                              (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (✓)


| | | |
|---|---|---|
| October 2, 2020 | Patrick J. Hughes | Aspen Specialty Insurance Co. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| (856) 317-7100 | | phughes@connellfoley.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**